(33 Misc. Rep. 696.)

SHAW v. CORNELL.

(Supreme Court, Special Term, New York County. January, 1901.)

COLLATERAL SECURITY—LIFE POLICY—ASSIGNMENT—PAYMENT OF PREMIUMS.
   The owner of a life policy assigned it to plaintiff as security for a note,
   and subsequently assigned the same policy to defendant, who had notice
   of the first assignment. For several years plaintiff paid one-third of the
   premiums, and defendant paid the balance, at the request of assured, for
   a consideration. Defendant contended that he acquired a lien on the
   policy for the premiums paid, or, as the premiums paid were in excess of
   two-thirds of the policy, he was entitled to two-thirds of the proceeds.
   Held that, there having been no interest in the assignor which he could
   assign to defendant, the acquiescence of plaintiff in the payment by de-
   fendant was no waiver of plaintiff's rights, as it was defendant's duty to
   care for such payments.

Action by D. McLean Shaw against Thomas L. Cornell, as exec-
utor of Sidney Cornell, deceased. Judgment for plaintiff.

William West Shaw, for plaintiff.
Hone & Brown, for defendant.

FITZGERALD, J.　It appears that George Davis, being at the time the true and lawful owner, by assignment by the beneficiary named therein, of a policy of insurance issued by the New York Life Insurance Company upon the life of Sophronia Randel, assigned the said policy to plaintiff as collateral security for the payment of a note for $600 and interest. The date of this assignment was July 18, 1873, and from that time the policy, with the assignment attached, remained continuously in the possession of the plaintiff until the maturity of the policy, in the year 1899. It further appears that plaintiff paid, during the years 1873 and 1874, the full cash premiums due upon said policy, and that from 1875 to 1899 he paid substantially one-third of the amount of each annual premium. Judgment is now asked by plaintiff for $600, the amount advanced by him at the time of assignment, with interest thereon, and for the amount of the two premiums paid by him in full, and also for a small item of expenses incurred in presenting proof of death. The issue to be determined is that raised by the defendant, Cornell. The insurance company, having deposited the fund with a trust company, is not interested in this litigation. In November, 1874, Davis (plaintiff's assignor) executed and delivered to defendant's (Cornell's) decedent an instrument of which the following is a copy:

"For value received, I do hereby assign and transfer unto Sidney Cornell the annexed policy of insurance issued by the New York Life Insurance Company upon the life of Mrs. Sophronia Randel, and known as No. 11,932, and all dividend, benefit, and advantage to be had or derived therefrom, to the extent of $1,300; to have and to hold the same unto the said Sidney Cornell, executors, administrators, and assigns. Witness my hand and seal this 16th day of November, 1874.　　　　　　　　　　Geo. Davis.
"Sealed and delivered in the presence of D. Burge."

And since that time he (Cornell), or his estate, has paid two-thirds of the annual premiums on the said policy. Defendant's contentions now are that by the payment of a portion of the premiums upon the policy he acquired a lien on the policy for the amount of the premiums so paid, or that, as the amount of premiums paid by him, with interest added thereto, was in excess of two-thirds of the proceeds of the policy, he is at least entitled to recover the ratio that premiums paid bear to the entire fund, or, in other words, to two-thirds of the proceeds. Defendant overlooks the fact that an actual and valid assignment, of which his decedent had notice, had already been made of the policy to secure the payment of a note with interest, and it must follow that all that the assignor could, under the circumstances, assign to Cornell, was such interest as he (assignor) had in the policy. This, of course, would exclude interest already assigned to plaintiff. No evidence of any waiver was presented, and the only suggestion of such waiver to which defendant can refer is the consent of plaintiff to payment by defendant of two-thirds of the annual premiums during so long a period. The obligation to pay premiums is not upon the assignee who receives a policy as collateral security for a loan, but rests upon the assignor, whose duty it is to keep the security pledged

good until the debt is paid. Davis evidently realized this, and, not being in a position to fully discharge such duty, procured the defendant (for a valid consideration) to do it in part for him. At the time of the assignment to Cornell it is fairly inferable that he (Cornell) hoped to realize a much larger return upon the amount to be advanced in payment of premiums than he now can secure out of the proceeds, but this is his misfortune, and cannot be allowed to affect the status of the parties. If the assignor had retained his residuary interest, and plaintiff had allowed him to make payments, in whole or in part, of premiums, it could not be justly held that, from such circumstance, plaintiff would be adjudged to have waived his lien, and defendant's position can assuredly be no better than that of his assignor. The decision (Dayton v. H. B. Claflin Co., 19 App. Div. 120, 45 N. Y. Supp. 1005) cited upon defendant's brief rests altogether upon a different state of facts, and is not applicable to this case. It is clear from the letters written by plaintiff that on a number of occasions he (plaintiff) proposed disposing of his interest in the policy to Cornell for a far less sum than that which he now demands, but a mere offer to dispose of an interest cannot be construed into a waiver thereof. If Mr. Cornell realized how rapidly the interest was accumulating upon the prior claim, he probably would have accepted the offer or declined to further contribute, except upon a new agreement; but he did neither of those things, and his interest at the maturity of the policy was the same as he had at the time of the assignment, to wit, the assignor's residuary interest in the policy after satisfying the debt as security for the payment of which it was primarily pledged. There was some evidence taken upon the trial, subject to defendant's exception, relating to the question of notice, but, disregarding this testimony, there is ample proof of notice to Mr. Cornell. It follows that plaintiff must have judgment as demanded, but, under the circumstances, without cost or allowances.

Judgment for plaintiff, without costs.